UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ADAM M. BREAKELL,
    *Plaintiff*,

v.

3M COMPANY, *et. al.*,
    *Defendant.*

No. 3:19-cv-583 (VAB)

**RULING AND ORDER ON MOTION TO REMAND**

Adam Breakell has brought claims for products liability, fraud, and premises liability in Connecticut Superior Court for monetary and punitive damages, costs, and attorney's fees from injuries allegedly suffered through exposure to certain asbestos products. Third Amended Complaint, ECF No. 1-1 ("Underlying Compl.").

Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively "Johnson & Johnson"), defendants in Mr. Breakell's case, removed the case from Connecticut Superior Court after another defendant, Imerys Talc America, Inc. and two affiliates (collectively "Imerys"), filed a voluntary Chapter 11 Bankruptcy petition in the United States District Court for the District of Delaware. Johnson & Johnson also filed a motion to fix venue in that court for any asbestos-related personal injury claims. Notice of Removal, ECF No. 1 ("Notice of Removal"), at ¶¶ 1, 7. Johnson & Johnson alleges that Mr. Breakell's claims are related to the pending bankruptcy action. *Id.* at ¶¶ 18, 28.

Mr. Breakell has filed a motion for an emergency remand in order to have the case returned to Connecticut Superior Court. Emergency Motion to Remand, ECF No. 11 ("Mot. to Remand").

For the following reasons, Mr. Breakell's motion to remand is **GRANTED**.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 26, 2017, Adam Breakell sued numerous defendants for products liability, fraud, and premises liability for allegedly exposing him to asbestos, while he lived in Connecticut during periods from May 17, 1975 until 1997, approximately 2003 until approximately 2005, and approximately 2016 until November 2017. Complaint, ECF No. 11-5; Underlying Compl. at ¶ 1. Discovery has been ongoing, and the case is set for trial on September 17, 2019 in Connecticut Superior Court. Mot. to Remand at 1.

On February 13, 2019, Imerys began Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware. *Id.* at 2.

On April 18, 2019, Johnson & Johnson removed this case under 28 U.S.C. § 1334(b) and 28 U.S.C.§ 1452(b), alleging that Mr. Breakell's action is related to the Imerys bankruptcy because of contractual indemnity obligations between Johnson & Johnson and Imerys, shared insurance policies between the companies, and the fact that each Johnson & Johnson contained talc produced by Imerys. Notice of Removal at ¶¶ 7, 8, 20.

That same day, Johnson & Johnson "filed a Motion to Fix Venue with the United States District Court for the District of Delaware, petitioning the court to transfer all talc-related state and federal actions to Delaware for resolution." *In re Johnson & Johnson*, Nos. 19-cv-3531(KPF), 2019 WL 2497856, at *1 (S.D.N.Y. June 4, 2019) (citing Motion to Fix Venue for Claims, *In re: Imerys Talc America, Inc. et al.*, No. 19-mc-00103 (D. Del. Apr. 18, 2019), Dkt No. 1)).

On April 30, 2019, Johnson & Johnson "filed an Emergency Motion for Provisional Transfer Under 28 U.S.C. § 157(b)(5), asking the court in the District of Delaware to enter an order provisionally transferring to it all identified personal injury and wrongful death talc claims

against [Johnson & Johnson], prior to ruling on [Johnson & Johnson]'s April 18 motion." *Id.*

On May 2, 2019, Mr. Breakell moved to remand the case back to state court. Mot. to Remand.

On May 8, 2019, Johnson & Johnson filed a memorandum in opposition to Mr. Breakell's motion to remand. Memorandum in Opposition re Motion to Remand to State Court, ECF No. 19 ("Mem. in Opp. to Remand").

On May 9, 2019, the court in the District of Delaware denied Johnson & Johnson's Emergency Motion for Provisional Transfer. *In re: Imerys Talc America, Inc. et al.*, No. 19-mc-00103 (D. Del. May 9, 2019), Dkt No. 34. The court found that "that J&J has not shown that it would be irreparably harmed," *id.* at 6, noting that J & J "was not a Debtor and has not established financial distress." *Id.*

Significantly, the court also noted that, "as J & J concedes," *id.*, the cases could be transferred "under § 157(b) regardless of the decisions reached by state courts on transfer and remand issues, and therefore the Court is not persuaded that these proceedings should be characterized as causing an emergency." *Id.* Indeed, in that court's view, J & J "created the purported emergency that it claims requires *ex parte* relief." *Id.*

On May 22, 2019, Mr. Breakell filed a reply to Johnson & Johnson's opposition. Reply to Response to Motion to Remand to State Court, ECF No. 21 ("Reply").

On July 11, 2019, the Court held a hearing regarding the pending motion to remand.

## II. STANDARD OF REVIEW

A court will remand a case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "[T]he party asserting jurisdiction bear the burden of proving that the case is properly in federal court[.]" *United Food*

3

*& Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). The party asserting jurisdiction "must support its asserted jurisdictional facts with 'competent proof' and 'justify its allegations by a preponderance of the evidence.'" *S. Air, Inc. v. Chartis Aerospace Adjustment Servs., Inc.*, 3:11-cv-1495 (JBA), 2012 WL 162369, at *1 (D. Conn. 2012) (quoting *United Food & Commercial Workers Union*, 30 F.3d at 305)). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

Even if there is subject matter jurisdiction, and a case has been timely removed, a court may remand "such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

## III. DISCUSSION

Federal courts are "courts of limited jurisdiction," with power to decide a case confined to statutorily and constitutionally granted authority. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Litigation is "related to" "a pending bankruptcy proceeding [if] its outcome might have any 'conceivable effect' on the bankrupt estate." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992).

In removal cases, the defendant bears the burden of showing that federal subject-matter jurisdiction applies to a removed action." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006) (holding that in removal actions "defendant bears the burden of establishing federal subject matter jurisdiction"). "[O]ut of respect for the limited jurisdiction of the federal courts

4

and the rights of states, [courts] 'resolv[e] any doubts against removability.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (quoting *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991)). And the Supreme Court has held that "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson,* 537 U.S. 28, 32 (2002).

Here, Johnson & Johnson bases their removal on federal question jurisdiction under 28 U.S.C. § 1334(b) and 28 U.S.C. § 1452(a) and alleges that Mr. Breakell's claims are related to Imerys' bankruptcy proceedings. Notice of Removal at ¶¶ 16, 17. In response, Mr. Breakell argues that Johnson & Johnson's removal of the state court action was inadequate, that this Court does not have jurisdiction over his claims, and that, if the Court does have jurisdiction, it should abstain and remand the claims. Mot. to Remand.

The Court therefore will address first the adequacy of Johnson & Johnson's removal and then whether this case should be remanded.

### A. Adequacy of Removal

The threshold issue is whether Rule 9027 of the Federal Rules of Bankruptcy Procedure or 28 U.S.C. § 1446(b) governs the time period for filing a notice of removal under 28 U.S.C. § 1452(a).

Under the former, Johnson & Johnson needed to file its notice of removal within ninety-days of the filing of Imerys' bankruptcy petition on February 13, 2019: May 14, 2019. *See* Fed. R. Bankr. P. 9027(a)(2) (providing that a "notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code . . . "). Under the latter, the notice of removal would have to have been filed win a thirty-day period. *See* 28 U.S.C. § 1446(b) (providing for the notice of removal to "be filed within 30 days after receipt by the

defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").

In addition to the issue of timeliness, Mr. Breakell argues that removal was defective because Johnson & Johnson did not provide all proceedings and pleadings with its notice of removal; rather, it only attached Mr. Breakell's complaint and its own responsive pleadings. Memorandum of Law in Support of Plaintiff's Emergency Motion to Remand, ECF No. 11-1 ("Mem. in Supp. of Mot. to Remand"), at 5. With respect to the issue of timeliness, Mr. Breakell argues that Johnson & Johnson failed to serve its notice of removal within thirty days of Imerys' bankruptcy petition, which does not comport with 28 U.S.C. § 1446's removal requirement for bankruptcy actions. *Id.* at 5–6. Finally, Mr. Breakell argues that Johnson & Johnson waived the right to remove the case because it "demonstrated an unequivocal intent to litigate the claims against it in state court after the bankruptcy petition and, therefore, waived any 'right' to remove plaintiff's claims" and further waived any opportunity to remove the case because of its mandatory arbitration agreement with Imerys. *Id.* at 7.

Johnson & Johnson argues that it timely removed this action under the bankruptcy statute and rules, which allow for a ninety-day provision for filing a removal action. Mem. in Opp. to Remand at 11. Johnson & Johnson also argues that it has not waived the right to remove by defending the case in state court nor has it waived the opportunity to remove based on arbitration agreements against potential debtors. *Id.* at 12–13.

The Court agrees.

As noted by Johnson & Johnson, many courts have determined that Rule 9027 governs the period for the filing of notice of removals related to bankruptcy proceedings under 28 U.S.C. § 1452(a). *See id.* at 9-12 (collecting cases); *see also* Thomas B. Bennet, *Removal, Remand, and*

*Abstention Related to Bankruptcies: Yet Another Litigation Quagmire!*, 27 CUMB. L. REV. 1037, 1059 (1997) ("The majority position on this issue is that Fed. R. Bankr. P. 9027 still establishes bankruptcy removal procedure."). As one bankruptcy court reasoned long ago: "Congress intended to allow the rule making process to establish the removal procedure for bankruptcy related proceedings from other courts." *In re Pacor, Inc.*, 72 B.R. 927, 931 ((Bankr. E.D. Pa. 1987). Indeed, within the Second Circuit, a court in the Northern District of New York has adopted the ninety-day timeline for the filing of a notice of removal related to bankruptcy proceedings. *See Lalima v. Johnson & Johnson*, No. 1:19-CV-0464 (GTS/TWD), 2019 WL 2362362, at *4 (N.D.N.Y. May 24, 2019) ("As for the deadline governing such a removal, that deadline is the ninety days allowed in Fed. R. Bankr. P. 9027(a)(2), not the thirty days allowed in 28 U.S.C. § 1446(b)."). For the limited purpose of evaluating this motion for remand, the Court therefore will adopt the ninety-day timeline for removal actions.

Accordingly, Johnson & Johnson's April 18, 2019 removal is timely, filed within ninety days of Imerys' bankruptcy action. *See* Mot. to Remand at 2; 28 U.S.C.§ 1452(b).

### B. The Issue of Remand

Litigation may fall within the district court's "related to" jurisdiction if the outcome of that litigation "might have any 'conceivable effect' on the bankrupt estate." *In re Cuyahoga Equip. Corp.,* 980 F.2d at 114 (citations omitted); *see also In re Quigley Co.,* 676 F.3d 45, 57 (2d Cir. 2012). A "related to" jurisdiction thus may attach to "[e]very conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative." *In re Bernard L. Madoff Inv. Secs. LLC,* 740 F.3d 81, 88 (2d Cir. 2014) (citing *Chartschlaa v. Nationwide Mut. Ins. Co.,* 538 F.3d 116, 122 (2d Cir. 2008)). As a result, any civil action that affects the kinds of interests described above may thus be sufficient to trigger section 1452(a)'s removal provisions.

But even if this Court has subject matter jurisdiction and this case has been timely removed, this Court "may remand such claim or cause of action on any equitable ground." 28 U.S.C.§ 1452(b). *Id.* Courts maintain wide discretion to make an equitable remand finding and "equitable remand may be raised *sua sponte* by a court notwithstanding the absence of a motion to remand by any party." *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 61 (S.D.N.Y. 2011) (citations omitted). An order to remand under § 1452(b) is unappealable. 28 U.S.C.§ 1452(b).

When determining whether equity requires a remand to state court, courts consider the following factors

> (1) the effect of the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

*Marah Wood Prods., LLC v. Jones*, 534 B.R. 465, 477 (D. Conn. 2015) (citing *Schumacher v. White*, 429 B.R. 400, 405 (E.D.N.Y. 2010)).

Mr. Breakell argues that the expansive view of the "related to" doctrine is overinclusive to the point of reaching every conceivable action against Johnson & Johnson, as within the ambit of the Imerys bankruptcy proceeding through contractual indemnity obligations. Mem. in Supp. of Mot. to Remand at 7–9. Mr. Breakell further argues that his alleged exposure began in 1975, well before any indemnity agreement with Imerys, and, as a result, the state-law personal injury claims in the case do not implicate a federal question. *Id.* at 10. Mr. Breakell then argues that the indemnity provisions do not implicate Imerys, because they are contingent on whether Johnson & Johnson is directly at fault or directed the misconduct. *Id.* at 11–16. Mr. Breakell contends that Johnson & Johnson does not share insurance or an identity of interest with Imerys. *Id.* at 19–26.

Mr. Breakell also argues, that even if the Court exercised jurisdiction over this case, it

should abstain and remand the proceedings. In his view, mandatory abstention applies to this case because the action is not core to the proceedings of the bankruptcy court and this Court is required to abstain because this case is a personal injury action unrelated to the core of the bankruptcy proceeding. *Id.* at 28–29. Mr. Breakell finally argues that either permissive or equitable abstention is appropriate in this case because of comity with the state court and the totality of equity weighing in favor of remanding this case. *Id.* at 31–34.

In response, Johnson & Johnson argues that the federal district court has subject-matter jurisdiction because Mr. Breakell's personal injury case is related to Imerys' bankruptcy action because Johnson & Johnson and Imerys are co-defendants with contractual indemnity rights. Mem. in Opp. to Remand at 16–20. Johnson & Johnson also argues that the court in the District of Delaware is the proper venue for an abstention analysis, that mandatory abstention is inapplicable here because personal injury and wrongful death are core to potential indemnity between Johnson & Johnson and Imerys, and courts rarely invoke permissive abstention. *Id.* at 20–23. Finally, Johnson & Johnson asserts that nationwide personal injury and wrongful death actions caused the filing of Imerys' case and thus the inclusion of these cases within the bankruptcy proceeding is necessary. *Id.* at 24–27.

In reply, Mr. Breakell argues that Imerys would only have to indemnify Johnson & Johnson through a separate action and thus, this is not an adequate basis for related to jurisdiction under the bankruptcy action. Reply at 4–7. Moreover, Mr. Breakell argues that the Court should equitably remand this case, as other district courts have, because these personal injury cases are not suited for one-size-fits-all adjudication. *Id.* at 7–10.

The Court agrees.

Here, even if this Court has subject-matter jurisdiction over this case, the balance

9

of the factors weighs in favor of an equitable remand, as numerous district courts within the Second Circuit and around the country already have determined. *See generally In Re: Johnson & Johnson*, 19-cv-353(KPF) *et. al.*, 2019 WL 2497856 (S.D.N.Y. 2019) (McMahon, C.J.) (remanding numerous cases removed to the Southern District of New York and collecting cases from district and bankruptcy courts throughout the country remanding cases filed in their districts as well).

The first factor, the effect on the efficient administration of the bankruptcy estate, is neutral, weighing as much in favor of remand as it weighs against remand. Here, the state court's adjudication of Mr. Breakell's personal injury claims would not, by itself, have a significant impact on the administration of the bankruptcy estate or proceedings. The Court therefore finds that this factor is neutral. *See Madar v. Johnson & Johnson*, No. 6:19-CV-0493 (GTS/TWD), 2019 WL 2723463, at *7 (N.D.N.Y. 2019) (Suddaby, C.J.) (finding that the effective administration of justice factor was neutral where Johnson & Johnson attempted to remove a state-court personal injury lawsuit due to Imerys' bankruptcy action).

The second factor, the extent to which issues of state law predominate, however, weighs strongly in favor of remand. Here, the case involves questions of state-law products liability, fraud, and premises liability. Because the state court has deemed the case ready for trial, it is better able to apply and respond to issues of Connecticut law. *See In re Johnson & Johnson*, 2019 WL 2497856, at *3 (finding that the predominance of state law factor weighs strongly in favor of remand where Johnson & Johnson attempted to remove state-court personal injury lawsuits due to Imerys' bankruptcy action). The Court therefore finds that this factor weighs strongly in favor of remand.

The third factor, the difficulty or nature of the unsettled law, weighs in favor of remand. While the complexities of personal liability are not unsettled, the state court is better positioned to resolve any issues because it has already deemed the case ready for trial. *See Madar v. Johnson & Johnson*, 2019 WL 2723463, at *8 (finding that the difficulty of state law personal injury claims weighs slightly in favor of remand). The Court therefore finds that this factor weighs in favor of remand.

The fourth factor, comity, is neutral. Comity exists between both the Connecticut Superior Court and the Bankruptcy Court in the District of Delaware. These considerations thus negate each other. *See Madar v. Johnson & Johnson*, 2019 WL 2723463, at *8 (finding that the comity factor weighs just as much for remand to state court as transfer to bankruptcy court, which makes the factor neutral). The Court therefore finds that this factor is neutral.

The fifth factor, the degree of relatedness or remoteness to the main bankruptcy proceeding, is neutral. The state court proceedings started nineteen months before Johnson & Johnson's notice of removal. Although the removal action was made after the state court established a trial date and the parties had engaged in discovery, *see Shiboleth v. Yerushalmi*, 412 B.R. 113, 116–17 (S.D.N.Y. 2009) (finding that the degree of relatedness or remoteness of the state court proceeding to the bankruptcy proceeding was minimal where state court proceedings had arisen two years before the bankruptcy proceedings), "adverse judgments in actions like the state court proceeding below played a significant role in the Imerys debtors' filing of their bankruptcy petition." *See Tavener v. Johnson & Johnson*, No. 5:19-CV-0459 (GTS/TWD), 2019 WL 2754423, at *10 (N.D.N.Y. July 2, 2019). The Court therefore finds that this factor is neutral.

The sixth factor, the existence of a right to jury trial, is neutral because a federal court would likely honor Mr. Breakell's right to a jury trial. *See Madar v. Johnson & Johnson*, 2019 WL 2723463, at *9 (finding that the right to a jury trial is neutral because, as in this case, neither party focused on this factor). The Court therefore finds that this factor is neutral.

The seventh factor, prejudice to the involuntarily removed defendants, strongly favors remand. Mr. Breakell has been litigating this case since September 26, 2017. *See* Complaint, ECF No. 11-5. The case is currently set for a trial to begin on September 17, 2019. Mot. to Remand at 1. Removal of the case to federal court now would be prejudicial to Mr. Breakell, because "the State Court can efficiently and expeditiously try [an] action which is based entirely on state law." *In re Riverside Nursing Home*, 144 B.R. 951, 956 (S.D.N.Y. 1992).

Meanwhile, Johnson & Johnson would suffer no prejudice because it can still indemnify Imerys within the bankruptcy proceedings. The Court therefore finds that this factor strongly weighs in favor of remand. *See In re Johnson & Johnson*, 2019 WL 2497856, at *4 (finding that the prejudice to the involuntary removal factor weighs strongly in favor of remand because the cases were pending for more than a year—with some close to trial—before Johnson & Johnson attempted to remove the state cases and removal would greatly prejudice the Plaintiffs); *Madar v. Johnson & Johnson*, 2019 WL 2723463, at *9 (finding that the prejudice to the involuntary removal factor weighs strongly in favor of remand because the state-court lawsuit was deemed ready for trial and removal would prejudice other defendants).

In sum, factors one, four, five, and six are each neutral, the third factor weighs in

favor of remand, and factors two and seven weigh strongly in favor of remand.

Accordingly, the Court equitably remands this case to Connecticut Superior Court.[1]

## IV. CONCLUSION

For the foregoing reasons, Mr. Breakell's motion to remand is **GRANTED**.

**SO ORDERED** at Bridgeport, Connecticut, this 16th day of July 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[1] While Johnson & Johnson has argued that the Court should not equitably remand this case because of *In re Pan Am. Corp.*, 950 F.2d 839 (1991), there, the Second Circuit addressed the issue of abstention during a pending transfer action. *See id.* at 845 ("Congress has indicated that courts should not be too quick to abstain from exercising their transfer powers under 28 U.S.C. § 157(b)(5)"). Here, there is a pending motion for remand. *See* Mot. to Remand. The *In re Pan Am.* case therefore is inapplicable to this one. Even if that case applied to this remand action, the Second Circuit there also "emphasize[d] that district courts enjoy wide discretion when deciding whether to exercise their transfer powers or to abstain," *id.* at 848 (citation omitted), discretion that need only "be informed by legitimate considerations." *Id.* As discussed above, this Court has been "informed by legitimate considerations."